IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**O'KEEFE R. PRITCHETT**                                                                  **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO. 2:24-cv-00098-HSO-BWR**

**FORREST COUNTY SHERIFF'S OFFICE/JAIL, et al.**             **DEFENDANTS**

<u>**ORDER GRANTING IN PART AND DENYING IN PART
MOTION [10] TO APPOINT COUNSEL TO ADD
CLAIM UNDER AMERICANS WITH DISABILITIES ACT**</u>

BEFORE THE COURT is *pro se* Plaintiff O'Keefe R. Pritchett's Motion [10] to Appoint Counsel and to Add Claim Under Americans with Disabilities Act ("ADA"). Plaintiff asks the Court "to appoint [him] a lawyer" and for "this suit to [be] file[d] under . . . [the] Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213." Mot. [10] at 1.  For the following reasons, Plaintiff's request for counsel will be denied, but he is free to frame his allegations however he chooses—including as an ADA claim.

The Fifth Circuit Court of Appeals "has stated that '[a] § 1983 plaintiff, even if demonstrably indigent, is not entitled to appointed counsel as a matter of right.'" *Thompson v. Tex. Dep't of Criminal Justice*, 67 F.4th 275, 283 (5th Cir. 2023) (quoting *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015)). "An indigent plaintiff must first demonstrate that the claims raised meet 'a threshold level of plausibility' and then show 'exceptional circumstances.'" *Id.* (quoting *Naranjo*, 809 F.3d at 799). There is no "comprehensive definition of exceptional circumstances," *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (quotation omitted), but the Fifth

Circuit has supplied the following factors to consider when determining whether exceptional circumstances exist:

> 1. the type and complexity of the case; 2. the petitioner's ability to present and investigate his case; 3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation and in cross-examination; and 4. the likelihood that appointment will benefit the petitioner, the court, and the defendants by shortening the trial and assisting in just determination.

*Naranjo*, 809 F.3d at 799 (citing *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992)).

Without passing on the plausibility of Plaintiff's claims, the balance of these factors shows that no exceptional circumstances exist. To start, Plaintiff is advancing claims that are not overly complex—*i.e.*, that Defendants used excessive force against him and subsequently denied him medical care. Compl. [1]. The Court is familiar with claims like this and adjudicates similar claims often. Moreover, Plaintiff has demonstrated his ability to present his claims coherently. He has presented the Court with a thorough and understandable Complaint [1]; he timely responds to Court Orders, *see* Mot. [3]; Ack. [6]; and he demonstrates knowledge of Court procedure by making his requests by motion, *see* Mots. [3] [10]. And the Court does not anticipate that "the evidence will consist in large part of conflicting testimony for which [Plaintiff] would require assistance of counsel." *See Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986). Nor does the Court anticipate that Plaintiff's incarceration, or his current housing assignment, will disrupt the discovery process; the ordinary mechanisms of discovery will still be available to him at the appropriate time.

The Court thus concludes that there are no exceptional circumstances that warrant the appointment of counsel in this case and that a just determination can be reached if Plaintiff proceeds *pro se*. His request for appointment of counsel is denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff O'Keefe R. Pritchett's Motion [10] to Appoint Counsel and to Add Claim Under Americans with Disabilities Act is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's request for appointment of counsel is denied, but he is free to invoke the ADA if he so chooses.

**SO ORDERED,** this 5th day of November, 2024.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE