IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**O'KEEFE R. PRITCHETT**                                                  **PLAINTIFF**

**VERSUS**                           **CIVIL ACTION NO.: 2:24-cv-00098-HSO-BWR**

**CHARLIE SIMS, et al.**                                        **DEFENDANTS**

### SHERIFF CHARLIE SIMS, EVAN HENDERSON, AND ALAN CROCKER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S RESPONSE TO ORDER [9]

Sheriff Charlie Sims, Major Evan Henderson, and Officer Alan Crocker[1] ("Answering Defendants"), by and through counsel, herein submit their Answer and Affirmative Defenses to Plaintiff's Response to Order [9] as follows:

### FIRST DEFENSE

Plaintiff's Response to Order [9] ("Response") fails to state a claim upon which any relief may be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

### SECOND DEFENSE

Plaintiff's Response fails to state facts against answering defendants which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

---

[1] Crocker was misidentified in Plaintiff's Complaint as "J-11 Allen CO." *See Compl.* [1] at 1-2, 4.

## THIRD DEFENSE

Answering defendants specifically assert and invoke all the privileges available to them as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

## FOURTH DEFENSE

Insofar as any state law claims are concerned, answering defendants invoke each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1, *et seq.*, including but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

## FIFTH DEFENSE

Answering defendants deny that they have been guilty of any actionable conduct.

## SIXTH DEFENSE

Sheriff Sims, Henderson, and Crocker are entitled to qualified immunity in this matter. More specifically, Sheriff Sims, Henderson, and Crocker would affirmatively aver that Plaintiff's Response fails to allege a violation of a clearly established constitutional right and that, at all times, their conduct was objectively reasonable.

## SEVENTH DEFENSE

### ADMISSIONS AND DENIALS

And now, without waiving any defenses heretofore or hereinafter set forth, answering defendants respond to the allegations in Plaintiff's Response as follows:

**RESPONSE TO ORDER**

1.      The allegations of paragraph 1 of Plaintiff's Response do not require a response. To the extent a response is deemed necessary, answering defendants admit Plaintiff is voluntarily dismissing Forrest County Sheriff's Office/Jail as a defendant.

2.      The allegations of paragraph 2 of Plaintiff's Response do not require a response. To the extent a response is deemed necessary, answering defendants admit Plaintiff is not naming Forrest County, Mississippi, as a defendant in this case.

3.      The allegations of paragraph 3 of Plaintiff's Response do not require a response. To the extent a response is deemed necessary, answering defendants admit Plaintiff is not naming Forrest County, Mississippi, as a defendant in this case.

4.      Answering defendants deny each and every allegation of paragraph 4 of Plaintiff's Response and would affirmatively aver that Plaintiff fails to state a constitutional violation against Sheriff Sims upon which relief can be granted or that can overcome Sheriff Sims' qualified immunity.

5.      The allegations of paragraph 5 of Plaintiff's Response concern a defendant other than answering defendants and, as such, a do not require a response. To the extent a response is deemed necessary, answering defendants lack information sufficient to determine the truth of the allegations of paragraph 5 of Plaintiff's Response and, therefore, deny the same.

**EIGHTH DEFENSE**

Answering defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity.

**NINTH DEFENSE**

Answering defendants allege that they met or exceeded the requirements of law and due care, and they are guilty of no acts or omissions which either caused or contributed to the incident in question.

**TENTH DEFENSE**

Answering defendants allege Plaintiff's claims may be barred by, and answering defendants affirmatively plead: accord and satisfaction, failure to mitigate, lack of standing arbitration and award, assumption of risk, superseding and intervening cause, contributory negligence, discharge in bankruptcy, duress, failure of consideration, fraud, illegality, injury by fellow servant, license, payment, release and/or estoppel, *res judicata*, statute of limitations, statute of fraud, abstention and any other matter constituting an avoidance or affirmative defense available to answering defendants.

**ELEVENTH DEFENSE**

Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15, insofar as any state law claims are concerned. Additionally, answering defendants would affirmatively state that Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a)   The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

4

(b)     The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c)     The procedures fail to provide a limit on the amount of the award against the defendants.

(d)     The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e)     The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f)     The procedures permit multiple awards of punitive damages for the same alleged act.

(g)     The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h)     The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i)     The standard of conduct upon which punitive damages are sought is vague.

## TWELFTH DEFENSE

Answering defendants assert and invoke the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. 1997e, to the extent applicable.

## THIRTEENTH DEFENSE

Answering defendants invoke *Heck v. Humphrey*, 512 U.S. 477 (1994), as a defense to the extent it is applicable to any of Plaintiff's claims.

**FOURTEENTH DEFENSE**

Answering defendants would state at all times material to the allegations of the Response, their actions were in good faith, without malice, and within the scope and course of employment.

**FIFTEENTH DEFENSE**

Any allegations contained in Plaintiff's Response, which are not specifically admitted, are hereby denied.

**SIXTEENTH DEFENSE**

Answering defendants reserve the right to assert any defenses not stated above which will become apparent through the course of litigation.

And now, having fully answered the allegations of Plaintiff's Response against them, Sheriff Charlie Sims, Major Evan Henderson, and Officer Alan Crocker request the Court dismiss the claims in Plaintiff's Response with prejudice, and assess costs against Plaintiff.

**DATE:** **January 6, 2025.**

Respectfully submitted,

**SHERIFF CHARLIE SIMS, MAJOR EVAN HENDERSON, AND OFFICER ALAN CROCKER**

BY:   /s/*William R. Allen*
      One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
LANCE W. MARTIN (MSB #105203)
WILLIAM D. BOYD (MSB #106220)
Butler Snow, LLP
1020 Highland Colony Pkwy
Suite 1400
Ridgeland, MS 39157
Tel. 601-948-5711
Fax 601-985-4500
E-mail: will.allen@butlersnow.com
E-mail: lance.martin@butlersnow.com
E-mail: will.boyd@butlersnow.com

## CERTIFICATE OF SERVICE

I, the undersigned of Butler Snow, LLP, one of the attorneys for Sheriff Charlie Sims, Major Evan Henderson, and Officer Alan Crocker, hereby certify that on this day, I electronically filed the foregoing Answer to Plaintiff's Response with the Clerk of the Court using the ECF system, and I hereby certify that I have mailed by United States Postal Service a true and correct copy of the same to the following non-ECF participant:

> O'Keefe R. Pritchett, #93909
> 200 South Main Street
> Poplarville, MS 39470
> Plaintiff, *pro se*

This 6th day of January, 2025.

> /s/*William R. Allen*
> OF COUNSEL

91683739.v1